MARDER v. NEW SYSTEM NAPKIN, TOWEL SUPPLY & STEAM LAUNDRY CO.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

1. LANDLORD AND TENANT (§ 44*)—COVENANTS—CONSTRUCTION—"SURRENDER."

Where the lessee abandoned the premises before the end of his term, a covenant for liquidated damages in case of surrender of the premises

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the tenant, had no application, and will not bar an action for rent; for to constitute a surrender of demised property there must be an acceptance on the part of the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 108–110, 732; Dec. Dig. § 44.*

For other definitions, see Words and Phrases, vol. 8, pp. 6819–6821.]

2. LANDLORD AND TENANT (§ 195*)—COVENANTS—CONSTRUCTION.

A covenant in a lease providing for a deposit as security for the lessee's performance of all the covenants, terms, and conditions of the lease, to be treated as liquidated damages on the ground that the damages could not be ascertained, cannot bar an action for rent, where the tenant abandoned the property before the end of his term, because the amount of rent is fixed and ascertainable.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. § 195.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Malka Marder against the New System Napkin, Towel Supply & Steam Laundry Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued March term, 1913, before LEHMAN, GERARD, and DE-LANY, JJ.

Bernard Alexander, of New York City, for appellant.
Israel Ellis, of New York City, for respondent.

GERARD, J. This action was brought by plaintiff, as landlord, to recover the sum of $135 rent for the month of August, 1912. The lease in question was a lease of the premises from March 12, 1910, to September 1, 1913. It admitted in the pleadings that the rent for the month of August, 1912, was not paid, and the proof at the trial showed that the defendant vacated the premises.

[1] The defendant contends that by reason of the following clause in the lease he is exempt from any further liability under the lease:

"The party of the second part [the tenant] has this day deposited with the party of the first part [the landlord] the sum of $405 as security for the faithful performance of all terms, covenants, and conditions in the written lease contained; it being expressly understood and agreed that if the party of the second part [the tenant] should surrender said premises or is dispossessed therefrom prior to the expiration of said lease, then in that event the said sum of $405 shall belong to the party of the first part [the landlord] as liquidated and stipulated damages, and the parties hereto stipulate to treat said deposit as such liquidated damages, because they cannot ascertain the exact amount of damages which the party of the first part [the landlord] would sustain in the event of any breach or violation hereunder. If, however, all terms, covenants, and conditions are fully complied with, then in that event the said security shall be returned to the party of the second part at the expiration of this lease."

It is to be noted, in the first place, that there was no surrender of the premises. The tenant abandoned the premises; but in order to constitute a surrender in law, there must be an acceptance. In the second place, there was no dispossession of the tenant under the lease.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The tenant simply abandoned the premises, and notified the landlord of such abandonment.

Without construing the clause in question further, it is only necessary to know that it does not cover the contingency which has arisen. There has been no surrender, and there has been no dispossession; and, therefore, there is nothing to prevent the landlord from pursuing the ordinary remedy under the contract of lease to recover the rent.

The lease contains other terms imposing obligations on the tenant, such as a provision that the tenant shall take good care of the premises, shall use the premises only as a steam laundry, shall pay for all damages that may be sustained by carelessness, negligence, or improper conduct, shall bring nothing on the premises to increase the rate of fire insurance, and shall make all inside and outside repairs.

[2] The clause in question can have no application to this action for rent, because the amount of the rent is easily ascertained. The deposit is not to be returned until all the terms, covenants, and conditions of the lease are complied with; and that cannot be determined until the expiration of the period of time limited in the lease, and there is no reason why the amount of the deposit should be credited as against the rent, the lease not having expired.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.