MARDER v. NEW SYSTEM NAPKIN, TOWEL SUPPLY & STEAM LAUNDRY CO.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

LANDLORD AND TENANT (§ 195*)—RENT—COVENANT FOR LIQUIDATED DAMAGES —SURRENDER AND ACCEPTANCE.

Under a lease covenanting that a deposit should become liquidated damages only in case of dispossession or surrender, the tenant, or abandonment of the premises without acceptance of his offer to surrender, was liable for rent accruing thereafter.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. § 195.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Malka Marder against the New System Napkin, Towel Supply & Steam Laundry Company. From a judgment in favor of

defendant, plaintiff appeals. Reversed, and judgment ordered for the plaintiff.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Bernard Alexander, of New York City, for appellant.

Israel Ellis, of New York City, for respondent.

LEHMAN, J. The defendant's own evidence establishes that it has not paid its rent for the month of July, amounting to $135. Its sole defense is that the security deposited was intended as liquidated damages, and that, while under the terms of the lease its security deposited is forfeited, the landlord cannot recover actual damages for the breach of its contract to pay rent.

Upon a previous appeal in this case, reported in 140 N. Y. Supp. 1026, this court held that under the terms of the lease the deposit was to be regarded as liquidated damages only in case of dispossession or surrender. This court further held that, in order to constitute a surrender, there must be an acceptance, and that, unless the lessee is dispossessed or its offer of surrender accepted, it remains liable for rent.

Upon the record presented to us, it appears undisputed that the defendant has merely abandoned the premises and that its offer to surrender has not been accepted. It follows that it is liable for the rent accruing thereafter.

Judgment reversed, with costs, and judgment ordered for the plaintiff for the sum of $135 and appropriate costs in the court below with interest from August 1, 1912. All concur.